UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GLENN VERSER,

      Plaintiff,

      07-3293

BRINK et al.,

      Defendants.

### Order

    Now before the court is Defendant Brink's motion for summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies (d/e 57).

    The court set out the claims in the merit review order of 11/29/07:

1. The defendants were deliberately indifferent to the plaintiff's serious medical needs by: ignoring doctor's orders that he be placed in a non-smoking cell; intentionally placing smoking inmates in his cell; failing to provide prescribed medication; and, refusing to make a restroom available after the plaintiff informed the defendants that his medication caused him to frequent the restroom.

2. Defendants Barfield, Davis, Robinson and Gooding violated the plaintiff's right to be free from excessive force when they punched him on September 2, 2007.

    Defendant Brink submits the affidavit of Melody Ford, who avers that the ARB has no record of processing any grievances filed by the plaintiff against Defendant Brink while the plaintiff was incarcerated in Western Illinois Correctional Center from December 6, 2006 to September 26, 2007.

    Plaintiff submits decisions by the ARB on grievances filed by him. None specifically name Defendant Brink. However, one of the decisions involved a grievance regarding "cell placement" filed in late March or early April 2007, the same time period that the plaintiff alleges he was placed in a smoking cell. Another grievance regards portable toilets, which may have something to do with the plaintiff's claim about the restroom. The record does not show what involvement Defendant Brink had in these incidents, nor do any of the parties submit copies of the actual grievances filed, though they ought to be readily available to both parties. Defendant Brink also did not respond to the court's invitation to supplement her summary judgment motion with information on whether the plaintiff exhausted his administrative remedies regarding the *subject matter* of his claims, or whether a search was conducted for Gladys Brink, rather than

Gladys (Brink) Ruiz.  (Court's 12/22/08 text order).  Notably, the IDOC defendants have not moved to dismiss for lack of exhaustion, though the claims against them are the same as those against Brink (except for the excessive force claim).

Lack of exhaustion is an affirmative defense that the defendant bears the burden of raising and proving.  *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  In the court's opinion, Defendant Brink has not met the burden of proving lack of exhaustion or created a "genuinely debatable" contested issue of fact regarding exhaustion that would require a hearing.  *Pavey*, 544 F.3d at 741. Accordingly, Brink's motion will be denied and the discovery stay will be lifted.

IT IS THEREFORE ORDERED:

1) Defendant Brink's motion for summary judgment on exhaustion is denied (de 57).

2) The plaintiff's motion for discovery relating to exhaustion is denied as moot (d/e 75).

3) The discovery stay is lifted.  Discovery closes July 31, 2009.  Dispositive motions are due August 31, 2009.

Enter this 13th day of February, 2009.

                    **s\Harold A. Baker**
                    _____
                    HAROLD A. BAKER
                    UNITED STATES DISTRICT JUDGE