UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GLENN VERSER,
   Plaintiff,

vs.   No. 07-3293

PENNY RUIZ et.al.,
   Defendants

Case Management Order

The plaintiff, currently incarcerated in Stateville Correctional Center, proceeds pro se on the following claims:

1) The defendants were deliberately indifferent to the plaintiff's serious medical needs by: a) ignoring doctor's orders that he be placed in a non-smoking cell; b) intentionally placing smoking inmates in his cell; c) failing to provide prescribed medication; and, c) refusing to make a restroom available after the plaintiff informed the defendants that his medication caused him to frequent the restroom.

2) Defendants Barfield, Davis, Robinson and Gooding violated the plaintiff's right to be free from excessive force when they punched him on September 2, 2007.

Before the court are several motions to compel by the plaintiff, which are addressed in turn below.

*Motion to Compel #85*

*Medical Records*

The plaintiff seeks a copy of his medical records and his master file from January, 2007 to the present.

Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The IDOC defendants do not contend that the medical records are irrelevant, but they object to providing the plaintiff with free copies. Defendants object on principle to subsidizing the plaintiff's litigation, but they do not set forth how burdensome or expensive it would be to provide these records. "There is a presumption that 'the responding party must bear the expense of complying with discovery requests. . .'" *Hagemeyer North America, Inc. V. Gateway Data Sciences Corp.*, 222 F.R.D. 594

(E.D. Wis. 2004), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). The party opposing discovery bears the burden of overcoming this presumption. *Id.*

The medical records could be relevant or lead to relevant evidence regarding the plaintiff's claims for deliberate indifference to his serious medical needs. However, the plaintiff's request appears moot because Defendant Brink has already provided the records with her summary judgment motion (d/e 110), and it also appears from those medical records that the plaintiff already received a copy of his medical records from 8/5/06 to 3/20/07 (d/e 110, 4/3/07 medical progress note). The plaintiff's medical records after the end of 2007 would not be relevant because the plaintiff transferred out of Western in the Fall of 2007, and the events he complains of occurred in 2007.

It thus appears that the plaintiff has already been provided his relevant medical records. However, the plaintiff should be allowed to view his medical records from January 1, 2007 through December 31, 2007, to confirm this conclusion.

*Master File*

The plaintiff also seeks copies of his entire "master file." 730 ILCS § 5/3-5-1(a) requires the IDOC to maintain a master record file on each inmate which contains:

(1) all information from the committing court;

(2) reception summary;

(3) evaluation and assignment reports and recommendations;

(4) reports as to program assignment and progress;

(5) reports of disciplinary infractions and disposition;

(6) any parole plan;

(7) any parole reports;

(8) the date and circumstances of final discharge; and any other pertinent data concerning the person's background, conduct, associations and family relationships as may be required . . ."

Unlike the medical records, the court does not see the relevancy of the plaintiff's entire master file. The plaintiff already has copies of any disciplinary reports and dispositions. He has his medical records, which are relevant to his medical claims. The court does not see what other information kept in the master file would be relevant to his claims, nor does the plaintiff try to

explain. The plaintiff asserts that the defendants rely on the plaintiff's master file in their summary judgment motion, but he doesn't say which documents. Obviously, if the defendants rely on documents in the master file not otherwise produced, then they have now become part of the record and the plaintiff has access to them. In sum, the court agrees with the defendants that this request is overbroad and seeks irrelevant information or information that has already been produced. This request will therefore be denied.

*Communications*

The plaintiff seeks "[a]ll communications, e-mail, incident reports, and adjustment concerns from 2007 to the present." The defendants object as overly broad and irrelevant.

The plaintiff clarifies that he is seeking communications relevant to his claim, not all communications. He gives as an example Defendant Ruiz's asserted e-mail to the placement office regarding the plaintiff's need for a non-smoking cell, (*see* Ruiz's answer to plaintiff's second interrogatory, d/e 85), and McKee's answer that he was notified about the plaintiff's problems with the non-smoking cell, (*see* McKee's answer to interrogatory 11, d/e 85).

The plaintiff has phrased his request too broadly, but it does appear he is trying to obtain relevant evidence. The court will therefore limit the request to written communications or documents, including electronic communications and incident reports, generated from January 1, 2007 to December 31, 2007, that refer to, discuss, or relate to the plaintiff's claims in this case.

*Single man cells*

The plaintiff seeks a listing of all the inmates that were housed in single man cells from March to September 2007. The defendants object on grounds of safety and security and relevance.

The plaintiff asserts that he is trying to prove that single cells were empty and readily available during the time he needed a non-smoking cell, and thus he could have easily been moved to a single cell to comply with the doctor's orders. The court is not saying that this evidence would carry the day, but it might be of some relevance, as to ease of complying with the doctor's orders. Accordingly, the IDOC defendants will be directed to provide, if available, a list of the single cells which were unoccupied at any time from March 20, 2007 to September 30, 2007, and the dates that those single cells were unoccupied. If the defendants are unable to compile this information, or doing so would be overly burdensome they should file a motion for protective order.

*Protocol when treatment orders not followed and the policy requiring doctor's orders to be followed*

The plaintiff seeks the "policy" that healthcare providers are to follow if they discovery that ordered medical treatment is not being followed. The court agrees with the defendants that the request is vague and unclear. The plaintiff appears to be asking what, if any, established procedures exist for health care staff to complain to prison administrators if medical treatment ordered by the health care staff is not being followed by prison employees. The IDOC defendants will be directed to answer the question as clarified.

The plaintiff also seeks the "policy" requiring doctor's orders to be followed. The court agrees that this request is unclear. This request will therefore be denied.

*Requests for production 9, 10, 12, and 13*

In these requests, the plaintiff essentially seeks all statements, opinions and documents of persons having knowledge of the matters alleged in the complaint. The defendants answered by referring to their exhibit B, which appears to be the plaintiff's disciplinary track record. From looking through the plaintiff's exhibits to his motion #85, however, it appears that far more than that has actually been produced. The IDOC defendant's counsel asserts that he asked IDOC for all responsive documents and that he has produced everything that he has received from IDOC. Without some idea of what the plaintiff believes is missing, the court cannot compel an additional response. Accordingly, these requests will be denied.

*Request for production 11*

The plaintiff seeks "[a]ll objects, photographs, video, slides, motion pictures, diagrams, models, samples, drawings, or other things of a tangible nature relating to the matters alleged in the Complaint." The defendants object as overly broad and irrelevant. The court does not believe that this request is overly broad or irrelevant. If no such items exist, the defendants can state so.

*Interrogatories*

The court finds the answers to interrogatories 3, 6, 14, 62, and 80 sufficient. The plaintiff may not agree with the answers, but they are responsive.

The court agrees with the defendants' objections to interrogatories 70, 74, 75, 77, 78, 80, 86, 97, 98, 108, 141, 142, 143, 149. Many of these interrogatories are argumentative–more like a speech than an interrogatory. On a separate matter, the court agrees that the questions concerning the alleged confiscation of the plaintiff's property are irrelevant to the claims here. And, other inmates' accusations of assaults against the defendants is not discoverable information in the context of this case. Accusations by other inmates about other alleged incidents would not be admissible to show that the defendants assaulted the plaintiff. *See* Fed. R. Evid. 404(b)("Evidence of other . . . wrongs . . . is not admissible to prove the character of a

person in order to show action in conformity therewith."). Even if those accusations had marginal relevance, they would still not be admissible because any probative value they might have would be substantially outweighed by "the danger of . . . confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, . . . ." Fed. R. Evid. 403. Admission of other alleged assaults would produce endless mini-trials within this trial.

The court will order the defendants to answer interrogatories 7 (job responsibilities of Defendant Ruiz) and 149 (single-man cell). Those questions might be relevant and the answers are not completely responsive.

*Motion to Compel # 96*

In this motion, the plaintiff seeks answers to particular requests to admit. The court has reviewed the responses and agrees with the objections made by defendants for requests to admit 15-19, 32, 44, 51, 52, 53, 56, 57, 58, 59, 60-62, 64, 65, 68, 69, 70, 98, and 99.

In several of the requests to admit, the defendants have not answered because the request was phrased like a question or because the request was unclear. The court has rephrased the requests below, which the IDOC defendants will be directed to answer.

*To Ruiz:*

1. You have the authority, as Major, to move inmates to different cells.
3. You were aware of the plaintiff's complaint for a non-smoking cell.
4. The plaintiff sent you a grievance about having a cellmate who smoked.
5. You e-mailed the placement office requesting a non-smoking cellmate for the plaintiff.
6. You followed up on your e-mail to confirm that the plaintiff had been given a non-smoking cellmate.
7. The plaintiff continued to complain to you about his smoking cellmate after you e-mailed the placement office.
8. After your e-mail to the placement officer, you did not take any further action on the plaintiff's continued complaints about his smoking cellmate.
9. You did not investigate the plaintiff's cellmate to determine if the cellmate was purchasing smoking material.
11. You have the authority to find out if an inmate purchases smoking material at the commissary.

*To McKee:*

25. You have the authority to find out if an inmate purchases smoking material at the commissary.

28. You did nothing more to address the plaintiff's complaint that his cellmate was smoking than speak to the plaintiff's cellmate.

29. You have the authority to place an inmate in segregation for violating the non-smoking rule.

31. You have the authority to remove an inmate from his cell if he is violating the non-smoking rule.

33. You believed the plaintiff's cellmate when he denied smoking.

*To Zimmerman:*

55. You have the authority to direct your subordinates to provide treatment ordered by a physician.

*To Crary:*

106. You assigned inmates to single-man cells in March of 2007.[1]

*To Ashcroft:*

114. You assigned inmates to single-man cells in March of 2007. (See footnote 1).

*To Walls:*

132. In September 2007, you arranged for the plaintiff to be assigned to his cell after his hunger strike.

*Motion to Compel # 97*

The plaintiff seeks answers to many of his second interrogatories. The court has reviewed the second requests for interrogatories. The court agrees with the defendants' objections to interrogatories 11, 12, 19, 20-22, 26, 30, 40, 43, 44, 47-58, 64-68, and 71-74. Additionally, the court finds that many of these interrogatories are argumentative and pose vague, overly broad hypotheticals.

The court does believe, however, the interrogatories 54, 69 and 70 pose potentially relevant questions regarding the grievance process. Answers to these three interrogatories will therefore be directed.

---

[1] Crary responds that he does not recollect, but "lack of knowledge or information as a reason for failing to admit or deny [is permitted] only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(6).

*Motion to Compel # 103*

The plaintiff seeks the contract between Wexford Health Sources, Inc., and Western Correctional Center.  The court does not see how the contract is relevant to his deliberate indifference claims against any of the defendants.  Wexford is not a defendant and its policies are not at issue in this case.

The plaintiff also seeks, apparently, the personnel files for Defendants Robinson, Davis, Barfield and Goodwin, to the extent the files reference other allegations of physical force.  For the reasons discussed above, this information would not be admissible to show that these defendants were predisposed to assaulting the plaintiff.  Any marginal relevance would be outweighed by the risk of prejudice, confusion and waste of time.  For the same reasons, investigative reports of other allegations of improper force will not be compelled, nor will a listing of all the lawsuits filed against Defendants Davis, Robinson, Barfield or Goodwin in the last three years.

The plaintiff also seeks a list of all the correctional officers working the 3-11 shift from march 2007 to October 2007.  The plaintiff does not explain the relevance of this overly broad request, nor does the court see that it seeks relevant information or could lead to relevant information.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion to compel #85 is granted in part and denied in part.  The plaintiff's motion is granted as follows.  By November 6, 2009, the IDOC defendants are directed to:

    a) allow the plaintiff to view his medical records from January 1, 2007 through December 31, 2007.  The plaintiff is directed to identify to the IDOC defendants which pages of those records he would like copies of, which he has not already received.

    b) respond to the plaintiff's first request for production #3, as limited by the court above.

    c) respond to the plaintiff's first request for production #3, as limited by the court above.

    d) respond to the plaintiff's first request for production #7, as clarified by the court above.

    e) provide a supplemental response to the plaintiff's first request for production #11.

   f) provide a supplemental response to plaintiff's first interrogatory ## 7 and 49.

   g) provide attestations for the answers to the first interrogatories.

The plaintiff's motion to compel #85 is otherwise denied.

  2) The plaintiff's motion to compel #96 is granted in part and denied in part. By November 6, 2009, the IDOC defendants are directed to answer the second requests for admissions specified above. Motion to compel #96 is otherwise denied.

  3) The plaintiff's motion to compel #97 is granted in part and denied in part. By November 6, 2009, the IDOC defendants are directed to answer the second request for interrogatories 54, 69 and 70. The IDOC defendants are also directed to answer the second request for interrogatories 41, 42 and 51 if they have not already done so. The IDOC defendants are also directed to provide attestations to the second interrogatories.

  4) The plaintiff's motion to compel #103 is denied.

  5) By November 30, 2009, the plaintiff may supplement his responses to the pending motions for summary judgment, based on the additional discovery ordered herein.

  Entered this <u>14th</u> Day of <u>October</u>, 2009.

                    <u>s\Harold A. Baker</u>

                     HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE