## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GLENN VERSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-cv-3293 |
| | ) | |
| JEFFRY BARFIELD, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Before the Court is the pro se Plaintiff's Motion for a New Trial
(d/e 302) and Revised Motion for a New Trial (d/e 303), and the
Defendants' Response to Revised Motion for a New Trial (d/e 307).  The
Plaintiff's motions raise three issues discussed below.

1)      Use of Plaintiff's Deposition of March 30, 2009 by Defendants.

This matter was before the Court for re-trial.  The jury verdict for the
Defendants in the first trial of this case was set aside due to the failure of
the trial court to poll the jury after return of the verdict.  Verser v. Barfield,
741 F.3d 734 (7th Cir. 2013)

The Plaintiff argues that the use of his deposition taken on March 30,
2009, for impeachment by Defendants in this trial was error.  Plaintiff

argues that the deposition should not have been used due to the nature of his handcuffing during the deposition.  Prior to the first trial in this case, the Plaintiff sought to bar use of the deposition.  The Court denied that request.  Specifically, the trial court in the first case ruled as follows:

> Lastly, the Plaintiff's deposition is admissible for impeachment purposes.  The Court overrules Plaintiff's objection that it should not be admissible because he was under duress due to shackles he had to wear during the deposition.
> (See Case Management Order entered 3/30/2011, d/e 168).

> Hence, the objection which the Plaintiff now makes was overruled by

the Court in the first trial.  Neither the Plaintiff, nor his trial counsel, requested the Court to set aside that ruling during the second trial.  The deposition was used for impeachment without objection at the second trial.  The prior ruling of the Court is the law of the case and failure to object or request reconsideration of the Court's ruling waives any objection to the use of the deposition in the second trial.

2)      Plaintiff argues that the jury in this case was improperly polled after returning its verdict.

As the jury was deliberating, the following note was sent to the Court:

> Can the jury make a statement concerning our decision when reading the verdict?

> The parties to the case and their counsel were informed of the note

sent by the jury.

The Court presented to the parties the following proposed response to the question:

> If you have not reached a unanimous verdict, you should continue to deliberate.  If you have reached a unanimous verdict, you should sign and date the form, and the presiding juror will return the verdict to the Court.  The Court will then review the verdict form to ensure it is properly completed.  If the form is not properly completed, you will return to deliberations.  If the form is properly completed, it will be read to the parties as the verdict in open court.  After the verdict is read, the foreperson may make a statement on behalf of all of the jurors.  You will then be polled, which means that each of you will be asked individually whether the verdict, as read to the parties, constitutes his or her individual verdict in all respects.

> Please inform the Court in writing if you have reached a unanimous verdict.

After presenting the proposed response to the parties, the Court asked both counsel for the Plaintiff and counsel for the Defendants if there was any objection to the response.  There was no objection from either Plaintiff or Defendants.

After the Court's Response was given to the jury, the jury indicated it had reached a verdict.  As stated in the Court's Response to the jury set forth above, after the verdict was returned and the Court reviewed the verdict and read it in open court, the Court asked the presiding juror (also referred to as the foreperson in the Court's Response) if she wished to make a statement to the Court.  The foreperson indicated that she did not

want to make a statement.  The Court then polled each of the jurors.  Each

of the jurors was individually asked, by name, whether the verdict as read

to the parties constituted their verdict in all respects.  Each juror answered

in the affirmative.

Plaintiff argues that the polling of the jury was inappropriate and that

the Court should have given the jury options permitting each juror to make

an individual statement.  Plaintiff speculates on the conduct of the jury and

indicates that one of the jurors appeared to be upset.  That juror, like all

other jurors, was polled by the Court and indicated that the verdict returned

was her verdict in all respects.

The manner in which a jury is polled is left to the discretion of the trial

judge.  While the right to poll a jury is a substantial right, it is not a

constitutional right.  The purpose of a jury poll is to ensure unanimity by

forcing the jurors to voice their accountability for the verdict.  It is not

intended to develop into a searching inquiry into the factual bases

underlying the verdict.  U.S. v. Sturman, 49 F.3d 1275, 1282 (7th Cir. 1995).

The Plaintiff suggests that the Court should "reach out" to a juror to

determine whether she wanted to make a personal statement.  This

request ignores the law regarding inquiries into a determination made by jurors. Federal Rule of Evidence 606(b) provides as follows:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

The Advisory Committee Notes pertaining to Rule 606(b) explain that "[t]he values sought to be promoted by [the rule] include freedom of deliberation, stability and finality of verdicts, and protection of jurors against annoyance and embarrassment " . . . "The mental operations and emotional reactions of jurors in arriving at a given result, if allowed as a subject of inquiry, place every verdict at the mercy of jurors and invite tampering and harassment". By making jurors incompetent to testify about any matter which occurred during deliberations or the effect of virtually anything upon the juror's decision to vote a certain way, the rule seeks to discourage almost all inquiries into the jurors' deliberative process once a verdict is rendered.

The jury in this case was polled and each member of the jury unequivocally stated the verdict was their verdict. There was no need, nor any legal requirement, that further polling be conducted by the Court.

3)      Finally, the Plaintiff argues that the jury consisted of all white jurors and the Plaintiff was a "black prisoner". Plaintiff maintains that the all white jury should have been dismissed for cause.

Plaintiff's argument is not supported by the law. The process of impaneling a jury is firmly entrusted to the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. United States v. Beasley, 48 F.3d 262, 266 (7th Cir. 1995) (quoting United States v. Rubin, 37 F.3d 49, 54 (2d Cir. 1994). It is established that a litigant has no right to a petit jury which contains members of his race or which fairly represents a cross-section of the community. See Holand v. Illinois, 493 U.S. 474, 477-78, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990); United States v. Hatchett, 31 F.3d 1411, 1426 (7th Cor. 1994). While a party has a right to a jury venire composed of a fair cross-section of the community (Hatchett, 31 F.3d at 1246), Plaintiff is not challenging the composition of the venire, but rather the composition of the jury which heard the case.

The jury was legally selected and constituted without any objection by the Plaintiff.

THEREFORE, for the reasons set forth above, the pro se Plaintiff's

Motion for a New Trial (d/e 302) and Revised Motion for a New Trial

(d/e 303) are DENIED.

ENTER:  May 13, 2015


                              _s/ Tom Schanzle-Haskins_
                              UNITED STATES MAGISTRATE JUDGE